Carutiiers, J.,
delivered the opinion of the Court.
This case was before us at last term in another aspect-Burt, as constable, had in his hands an execution in favor of Lintz, against these defendants, which he failed to return in the thirty days allowed by law. Lintz was about to move against him for this default, and to avoid this, he paid up to him the amount of the execution. He then returned the process “ not satisfied,” and took out an alzas in favor of Lintz, against the defendants. The execution was superseded and quashed, and the judgment affirmed by this Court at the last term.
In a written opinion not yet published, we held, that a voluntary payment by the officer, without any transfer or agreement, extinguished the judgment. But it would be otherwise if the payment by the officer had been compulsory by judgment against him. This is in conformity to the case of Harwell v. Worsham, 2 Hum., 524, and the principles settled in Smith v. Alexander, 4 Sneed, 482. The act of 1850, ch. 145, is declarative of the same principle. It gives the officer the right to use the judgment for his own benefit, where a judgment has been obtained against him for his default, and he has paid the same. Such was the law before, as was de- *536 declared in the case in 2 Hum. But the remedy is not further extended by the Legislature. They confine the remedy to the case of compulsory payment by the officer.
The plaintiff haying failed as above stated, then commenced this action of assumpsit against the defendants for money paid for their use, &c., and "was again defeated in the Circuit Court. Though it would seem that honesty and justice would require the defendants to reimburse him, for discharging their debt, yet we are aware of no principle upon which they can be forced to do so. Indeed the doctrine of all the cases referred to forbid it. The decision in 2 Hum., as well as that of last term, were upon cases where the discharged judgments or executions upon them, were attempted to be used by the officer for his benefit. But this case brings up the question of liability of the original defendants in a different form.
We think, however, that it is clear, that there is no liability at all to the officer, unless'he can use the same judgment, and that we have seen cannot be done, except where he has been compelled, by law, to pay the judgment against him. He cannot recover upon common law principles, because it is an officious, voluntary, payment for others, without their request. He cannot compel these defendants to become his debtors against their will, or without their consent. This is one of the elementary principles of the law, and does not require authorities. But the question comes up here in the very worst form for the plaintiff. He is in official default, and pays the money, not to favor the defendants, or in pursuance of any request from them, but to save himself from the debt and penalty under the statute, for his dereliction of duty.
There is no principle by which he can recover, and the policy of the law is against it. He is not entitled to claim indemnity from any quarter, for losses sustained by palpable neglect of official duty.
Let the judgment be affirmed.